UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SINDOK CO., LTD, | ) |
|    Plaintiff and | ) |
|    Counterclaim Defendant, | ) |
| v. | ) |
| GENESYS INDUSTRIAL CORP., | ) |
|    Defendant and | ) |
|    Counterclaim Plaintiff. | ) |
| _____ | ) Case No. 4:22-cv-00613-GAF |
| GENESYS INDUSTRIAL CORP. | ) |
|    Third-Party Plaintiff, | ) |
| v. | ) |
| TIMOTHY FACKLER | ) |
|    Third-Party Defendant. | ) |

**THIRD-PARTY DEFENDANT TIMOTHY FACKLER'S
MOTION TO SEVER AND SUGGESTIONS IN SUPPORT**
**** **** **** ****

The third-party defendant Timothy Fackler ("Fackler") now submits this motion to sever pursuant to FED. R. CIV. P. 14(a)(4) and 21, and in support thereof states as follows:

**INTRODUCTION**

The Defendant Genesys Industrial Corp. ("Genesys") has impleaded Timothy Fackler to pursue a tort claim unrelated to the underlying contract dispute between the plaintiff and the defendant. Because Fackler's alleged liability would be unchanged regardless of who prevails in the contract dispute, impleader is inappropriate. Fackler, by separate motion filed contemporaneously herewith, requests dismissal, *inter alia*, for reasons of lack of personal

1

jurisdiction and improper venue. Alternatively, upon severance, Fackler requests that the third-party claim be transferred to the United States District Court for the Western District of Kentucky.

### FACTUAL BACKGROUND

On September 27, 2022, the plaintiff "Sindok" filed its complaint, ECF No. 1, against the defendant "Genesys" alleging a breach of contract arising from Genesys' failure to make payment on thirty unpaid invoices for a total of: $4,426,271.16.[1] Sindok asserted alternative theories of recovery for quantum meruit and unjust enrichment.

On November 17, 2022, Genesys filed its answer denying liability. ECF No. 10. On May 26, 2023, Genesys filed its amended answer and asserted a counterclaim against Sindok for breach of contract.[2] Genesys' counterclaim is encapsulated in paragraphs 5-6 of the Counterclaim where Genesys alleges: "Sindok, …, took unilateral steps, as if given a blank check, to undertake and complete unauthorized work for which there was no prior approval or communication in breach of the subcontract." ECF No. 34, p. 12-13, ¶5. It further alleges:

> Sindok breached the subcontract by failing to meet deadlines and providing faulty systems and equipment, causing delays to the overall LMC project. To correct Sindok's numerous mistakes, Genesys incurred substantial additional expenses, when Genesys was forced to hire additional highly qualified individuals on short notice to fix and complete Sindok's work.

*Id.* at p. 13, ¶6. It is clear that Genesys' counterclaim against Sindok arises out of the same transaction or occurrence as the subject matter of Sindok's claim against Genesys. *See* FED. R. CIV. P. 13(a)(1).

---

[1] The sum of the open invoices referenced in paragraphs 10, 16, 22, 27, 32, 38, 85, 90, 95, and 100 of the Complaint amounts to $4,426,271.16, an amount different from the sum stated in paragraph 105 of the Complaint.
[2] Genesys' counterclaim against Sindok is labeled "Count I: Breach of Contract." See ECF No. 34, p. 27, ¶¶ 93 – 101.

At the same time, Genesys also asserted a third-party claim against Fackler.[3] Its third-party claim against Fackler is encapsulated as follows:

> In a scheme to undermine Genesys and curry favor *with LMC*, Fackler communicated the details of Sindok's delays and mistakes *to LMC*. Fackler's disloyal and wrongful conduct ultimately caused *LMC* to discontinue contractual payments to Genesys in breach *of the LMC contract*.[4]

ECF No. 34, p. 13, ¶7. (Emphasis added). It continues: "The numerous breaches by Sindok, in conjunction with Fackler's misconduct, forced Genesys into a position of weakness whereby Genesys had no choice but to negotiate an early termination of the LMC contract, resulting in the loss of millions of dollars." *Id.* at p. 13, ¶8. Notably missing from the third-party complaint, anywhere, are any allegations that Fackler had a duty to indemnify Genesys for its dealings with Sindok. Although Genesys did incorporate an indemnification provision in its counterclaim/third-party complaint, that provision <u>only</u> runs between Sindok and Genesys. *Id.* at p. 20, ¶ 47.

Indeed, Genesys' claim against Fackler does not lie in contract at all. Instead, it asserts a tort – "tortious interference with a cont[r]act." *Id.* at p. 30, ¶¶ 102 – 109. In it, Genesys' core allegation is that "Fackler intentionally interfered by inducing or causing LMC to breach the [Genesys – LMC] contract by going behind the back of Genesys in telling LMC to withhold payment from Genesys despite such amounts being contractually owed by LMC under the contract." *Id.* at p. 30, ¶ 106]. Remarkably, there is no mention of, or even reference to, Sindok in the third-party claim against Fackler. *See* ECF No. 34, p. 30, ¶¶ 102 – 109.

---

[3] Genesys' third-party-claim against Fackler is labeled "Count II: Tortious Interference with a Cont[r]act." See ECF No. 34, p. 30, ¶¶ 102 – 109.
[4] LMC or "Lordstown Motor Corporation" was the entity with which Genesys had contracted to build for LMC a new automobile manufacturing plant. *See* ECF No. 34, p. 12, ¶¶1 – 2.

3

**STANDARD OF DECISION**

Fed. R. Civ. P. 14(a)(4) provides: "Any party may move to strike the third-party claim, to sever it, or to try it separately." *See also* Rule 21 ("[t]he court may also sever any claim against a party"). Questions of severance under Rule 21 are addressed to the broad discretion of the court. 7 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1689 (3d ed 2023). Similarly, the decision as to whether or not a claim should remain in the proceeding under FED. R. CIV. P. 14 is left to the sound discretion of the court. *Oklahoma ex rel. Edmonson v. Tyson Foods, Inc.*, 237 F.R.D. 679, 681 (N.D. Okla. 2006). In the exercise of its discretion, this Court should sever the third-party complaint from this civil action.

**ARGUMENT**

**I.  Genesys' third-party claim against Fackler is improper because Fackler was at no time obligated to reimburse Genesys for some or all of its liability to Sindok.**

Fed. R. Civ. P. 14(a)(1) provides in part: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it, for all or part of the claim against it*." (Emphasis added). Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action <u>only if</u> that third person's liability on that claim is in some way dependent on the outcome of the main claim. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003).

Thus, the third party must necessarily be liable over to the defendant for all or part of the plaintiff's recovery, or the defendant must attempt to pass on to the third party all or part of the liability asserted against the defendant by the plaintiff. *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967). In other words, "the claim of liability to the defendant and third-party plaintiff accrue only upon a finding of defendant's liability to the plaintiff on the main claim." *Nat'l Bank of Canada v. Artex Industries, Inc.*, 627 F.Supp. 610, 613 (S.D.N.Y. 1986).

Moreover, Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim. *Mattes,* 323 F.3d at 698.

In this case, Fackler is caught up in a contract dispute between Sindok and Genesys. The subject matter of which has very little to do with Fackler. Sindok's claim focuses on a stack of unpaid invoices. Genesys' counterclaim relates to Sindok's missed deadlines and allegedly sloppy workmanship.

Although Fackler was a witness to these events, the third-party claim against him does not hinge on Sindok prevailing against Genesys. To the contrary, Genesys' claim against Fackler would survive even if Genesys is found to have no liability against Sindok and Genesys prevails against Sindok on its counterclaim. This points out that Genesys' third-party claim is a "separate and independent claim even though the claim arises out of the same general set of facts as the main claim." *See Mattes,* 323 F.3d at 698. Therefore, it was inappropriate to have impleaded Fackler under FED. R. CIV. P. 14(a)(1) and Genesys' claim against him should be severed from the main action in this case.

Severance may also be appropriate in actions in which venue is improper as to some but not all defendants. If the claims are separable, the court may cure the venue defect by severing the claims against those parties who raise valid venue defenses. 7 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE §1689 (3d ed. 2023). Fackler addresses his challenge to venue in his motion to dismiss filed contemporaneously herewith.

The courts also consider a multitude of factors in the determination whether or not the third-party claims should be severed, to include: (1) the potential prejudice to the third-party defendant; (2) the potential prejudice to the other parties in the action; (3) the status of discovery

in the action; (4) the delay in seeking impleader; (5) judicial efficiency or economy; (6) the avoidance of delay in the underlying trial; (7) the delay of the third-party plaintiff in asserting the claim; and (8) whether or not discovery favors separate trials. *Oklahoma ex rel. Edmonson*, 237 F.R.D. 679, 681 (N.D. Okla. 2006). (*citing cases*). A careful analysis of the foregoing factors to Fackler requires severance.

1. <u>Potential Prejudice to third-party Defendant.</u>

The nature of the claim against Fackler is very different from the claims between the plaintiff and the defendant. The underlying claims between plaintiff and defendant are contract claims. The claim against Fackler lies in tort. The underlying claims involve work done, or not done by Sindok, and its entitlement to payment. The counterclaim plows the same ground. The claim against Fackler, on the other hand, concerns his communications with yet another (non) party: LMC. As such, Fackler has no legal interest in Sindok's claim against Genesys. To require Fackler, nonetheless, to participate in such an ordeal would prejudice him financially.

2. <u>Potential prejudice to other parties.</u>

Fackler's joinder in the case could also potentially prejudice the plaintiff by having its straight forward contract dispute sidelined by an independent tort action between Genesys and one of its employees pertaining to conduct vis à vis an Ohio car manufacturer.

3. <u>The status of discovery in the action.</u>

On January 5, 2023, the court entered its Scheduling Order, ECF No. 19, and provided a fact discovery deadline of September 29, 2023. While the plaintiff and defendant will have had almost nine months to engage in and complete fact discovery, Fackler will have about two months, or less, from the time it is required to file an answer until the deadline. To the extent Fackler is also challenging personal jurisdiction, he is not inclined to engage in the discovery process until that issue is resolved by the court lest he inadvertently subject himself to the court's

personal jurisdiction over him.  *See e.g. Network Professionals Inc. v. Network Intern, Ltd.*, 146 F.R.D. 179, 182 (D. Minn. 1993) (personal jurisdiction defense may be lost by failure to assert it seasonably, by formal submission in a cause, or <u>by submission through conduct</u>).

Furthermore, Genesys and Fackler have not yet had an opportunity to confer pursuant to Fed. R. Civ. P. 26(f) regarding any amendments to the Scheduling Order, or to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1).  Indeed, Genesys has not made any initial disclosures to Fackler.

All of this places Fackler in a very disadvantageous posture.  New to the case, he would be forced to engage in fact discovery in a very short window of time that does not allow for the preparation, service, and completion of written discovery to be followed up by even a modest number of depositions.  This factor weighs in favor of severance.

4. <u>The Delay in Seeking Impleader</u>.

As stated above, the complaint was filed on September 27, 2022.  ECF No. 1.  Genesys filed its answer on November 17, 2022.  ECF No. 10.  Yet, as of November 17, 2022, Genesys already knew about Fackler's alleged actions and communications with LMC.

The third-party complaint states that on January 13, 2022, Fackler, without Genesys' approval, told LMC representative Syrianoudis to stop "all payments going to Genesys' because of financial 'issues.'" ECF No. 34, p. 26, ¶ 82.  "Through this email and Fackler's other communication with LMC, Fackler [allegedly] induced or caused LMC to breach the contract with Genesys …." *Id.* at ¶ 86.  "Only a few days after LMC withheld its payment to Genesys, Genesys' Roger Hagen went to the Production Site …  During this meeting, Genesys and LMC decided to terminate … the LMC contract." *Id.* at ¶ 87.  "Due to Fackler's [alleged] interference

and Sindok's numerous breaches, deficiencies and delays, on February 21, 2022, Genesys and LMC entered into a mutual release ending the LMC contract." *Id.* ¶ 88.

It is, therefore, clear that as early as February 21, 2022 Genesys was aware of its potential claim against Fackler. Yet, it waited until May 26, 2023 to assert it. There exists no justification in this delay and none was offered in Genesys' motion for leave to amend. *See* ECF No. 30, *passim*. This factor weighs in favor of severance.

5. <u>Judicial Efficiency or Economy.</u>

As noted above, judicial efficiency is also a factor considered by the courts. The court in *Hicks v. Long Island R.R.*, 165 F.R.D. 377, 379 (E.D.N.Y. 1996) observed: "… while the court must weigh efficiency against prejudice, the case law makes clear that this is not a neutral balancing, and that generally, the interests of efficiency will outweigh the dangers of prejudice." Joining a disparate tort claim to mutual breach of contract claims does not speak to judicial efficiency.

The bodies of evidence pertaining to the contract claims are necessarily divorced from Fackler's alleged interference with the Genesys-LMC contract. Judicial economy and efficiency demand that the contract claims and the tort claim go forward in separate and independent actions.

6. <u>The avoidance of delay in the underlying trial.</u>

The trial is scheduled for September 24, 2024. In the event severance is denied, Fackler intends to seek a modification of the current scheduling order, which may affect the trial date now set.

The application of these factors all weigh in favor of severance.

## CONCLUSION

For all of the foregoing reasons, the third-party complaint should be severed from this action. Upon severance, should the court deny the motion to dismiss, filed contemporaneously herewith, the court should transfer the third-party claim to the Western District of Kentucky.

Dated this 25th day of July, 2023.

Respectfully submitted,

*s/ Sean P. Paris*
Sean P. Paris
Pearson & Paris, PSC
306 West Jefferson Street
La Grange, Kentucky 40031
502-257-0070
sparis@kentucky.legal

*Pro hac vice counsel for*
*Timothy Fackler*

*s/ Kirsten Z. Myers*
Kirsten Z. Myers
Pearson & Paris, P.C.
14142 Denver West Parkway
Building 51, Suite 200
Lakewood, Colorado 80401
Phone: (303) 996-8610
Facsimile: (303) 996-8611
Email: kmyers@rockymountain-law.com

*Pro Hoc Vice counsel for*
*Timothy Fackler*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of July, 2023, I caused the foregoing document to be filed with the United States District Court for the Western District of Missouri via the Court's CM/ECF system, which will serve a copy to all counsel of record.

                      *s/ Sean P. Paris*
                      Sean P. Paris